$\mathcal{SSS}$

**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

Name: ___Ramirez,_____Marco_____A._____
         *(Last)*               *(First)*            *(Middle Initial)*

Prisoner Number: _____C25721_____

Institutional Address: ____San Quentin State Prison, 2 West, 80 Low___
_____San Quentin, CA 94974_____

**FILED**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

JUN 12 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

Marco Anthony Ramirez,_____
*(Enter your full name.)*

              vs.

Ron Davis, Warden, San Quentin_____

Andy Crump, Chief Plant Manager_____

Ron Chapman, Director, CDPH_____
*(Enter the full name(s) of the defendant(s) in this action.)*

**CV 19 3315**

Case No. _____
*(Provided by the clerk upon filing)*

**COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

**LB**

**(PR)**

## I. Exhaustion of Administrative Remedies.

*Note:* *You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.*

A.    Place of present confinement ___San Quentin State Prison_____

B.    Is there a grievance procedure in this institution?    **YES** ☒    **NO** ☐

C.    If so, did you present the facts in your complaint for review through the grievance procedure?    **YES** ☒    **NO** ☐

D.    If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

      1. Informal appeal: ___CDCR Form 22 Dated 5/16/16.____
                  ___No response received by the Plaintiff._____
_____

1   2. First formal level: SQ Log #16-1110-Category 9. Cancelled.

2   SQ-Log #16-1336-Category 10. By-passed per SQ Reviewer-No date.

3

4   3. Second formal level: SQ Log #16-1336-Category 10

5   Denied 7/25/16.

6

7   4. Third formal level: SQ Log #16-1336-Category 10

8   Denied. Dated 9/30/16

9

10  E.    Is the last level to which you appealed the highest level of appeal available to you?

11        **YES** ☒    **NO** ☐

12  F.    If you did not present your claim for review through the grievance procedure, explain why.
      Plaintiff utilized and exhausted all available CDCR administrative

13

14  appeal levels/remedies.

15

16  ## II.   Parties.

17  A.    Write your name and present address. Do the same for additional plaintiffs, if any.
      Marco A. Ramirez, C25721

18

19  San Quentin State Prison, 2 West-80 Low

20  San Quentin, CA 94974

21  B.    For each defendant, provide full name, official position and place of employment.

22  Ron Davis, Warden, San Quentin State Prison

23  Andy Crump CCII, Chief Plant Manager, San Quentin State Prison

24  Ron Chapman, Director, California Department of Public Health

25

26

27

28

PRISONER COMPLAINT (rev. 8/2015)
*Page 2 of 3*

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

DEFENDANT #1:   WARDEN RON DAVIS.

Ron Davis resides in Marin County, California and is employed by

the California Department of Correction and Rehabilitation (CDCR)

as Warden of San Quentin State Prison and is responsible for the

actions and inactions of the state employees on his watch and under

his command and is being sued in his official and individual capacity.

NOTICE OF APPENDIX:

Plaintiff has identified and named three defendants and it is

incumbent for plaintiff to attach an appendix to a: set forth facts

and allegations for Defendant #1 and b: to set forth his statement

of claims for Defendants #2 and #3.  See pages 3a-3b-3c-3d-3e.

## IV. Relief.

Your complaint must include a request for specific relief.  State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes. Plaintiff seeks $1.00 for nominal damages, $100.000 for compensation damages, and $400.000 for punitive damages from each Defendant.

Plaintiff requests an injunction against the Defendants to prevent any

form of retailation or harassment for the plaintiff exercising his

constitutional rights under the federal and state constitutions.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: __May 30, 2019__

*Date*

Marco A. Ramirez

*Signature of Plaintiff*

PRISONER COMPLAINT (rev. 8/2015)
*Page 3 of 3*

APPENDIX TO PAGE 3 OF 3:
CONTINUATION OF CLAIM FOR DEFENDANT #1:

FACTS:

Plaintiff was received into the Defendant's custody in August 2012. at which time plaintiff was healthy and medication free. At the time plaintiff was exposed to, and contracted Legionnaires Disease plaintiff's assigned housing was 2 West, 15 low with inmate Christopher Christensen, CDCR #K07513.

In August-September 2015, plaintiff unknowingly was exposed to Legionnaires Disease, a virulent form of Pneumonia by inhaling contaminated hot water vapors and mist from running hot water in his cell and in the Westblock shower. A team of local, state and federal health agencies formed and quickly determined that dirty cooling towers from a build-up of sludge in the water pans on the roof of the prison's Central Health Care Services Building had high concentrations of the bacterium that caused the Legionnaires Disease. Over a hundred inmates and medical staff were infected.

XRAYs showed plaintiff had Pneumonia in the bottom areas of both lungs. Plaintiff's Pneumonia was resistant to conventional treatment and an outside lung specialist Dr, Vanjani, M.D. was called upon to treat plaintiff. After months of treatment he was Pneumonia free, but shortly thereafter developed Obstructive Pulmonary Congested Disease (COPD) which is uncurable. Since contracting COPD plaintiff periodically succumbs to intense bouts of coughing which brings up lots of phlegm and mucus causing plaintiff headaches, sore throat, constant dry mouth, chest pain, fatigue, loss of weight, loss of equilibrium, cramps in plaintiff's extremities and calfs resulting in plaintiff having difficulty walking beyong fifty yards. That on four occassions plaintiff had difficulty breathing and was taken in a wheelchair to the prison's Trauma Treatment Area (TTA) and was hooked into a breathing machine for up to three hours each visit. Plaintiff was so mentally and emotionally stressed out and physically wore out that own his own volition initiated a 'do not recessitate' order/form if he, the plaintiff was found unconconscious which was witnessed and signed by Dr. Reyes, M.D. and Dr, Espinosa,

M.D.  Plaintiff's health was compromised by exposure to Legionnaires Disease and COPD and has deteriorated beyond repair or recovery.

ALLEGATIONS:

Plaintiff alleges that Defendant acted under the color of state law and was personally involved in the plaintiff's constitutional deprivation by acting or failing to act, in a manner that was 'deliberately indifferent' to plaintiff's constitutional right under the Eight Amendment Clause of the U.S. Constitution, to be free of 'cruel and unusual punishment' made applicable to the states under the Fourteenth Amendment.

That the plaintiff's rights were clearly established in August-September 2015, and was sufficiently clear that the Defendant knew or should have known that his actions or inactions violated the plaintiff's rights , and was both the actual and approximate cause of the plaintiff's physical and emotional injuries.

DEFENDANT #2:  ANDY CRUMP, CCII, CHIEF PLANT MANAGER:

**STATEMENT OF CLAIM:**

Andy Crump resides in Marin County, California and is employed by the California Department of Corrections and Rehabilitations  (CDCR) at San Quentin State Prison as Chief Plant Manager of the prison's plant operations and is responsible for the actions and inactions of the free personnel working in the plant under his management and supervision  and is being sued in his official and individual capacity.

FACTS:

The following text is quoted from page 2 of 2 of a second level Review Response Appeal Denial in Appeal #SQ-A-19-00478, signed by R. Broomfield, CDW.

> "The San Quentin Health Care Services Building was commissioned
> in 2009 and all maintenance matters were facilitated by non
> CDCR  staff until approximately 2013, when CDCR 'Plant Operat-
> ions took over maintenance responsibilities for the building in
> 2013, the work order data base had not been set up to facilitate
> the logging of any preventative and corrective and or corrective
> maintenance task."  End of quote.

3b

ALLEGATIONS:

Plaintiff alleges that data base or no data base, hands on 'visual' inspection was then, and is still required to view and test the build-up of sludge in each of the pans at the bottom of each tower on the roof of the Central Health Care Services Building.

Plaintiff also alleges that for a time period exceeding two and a half (2½) years, the Defendant, acting as Chief Plant Manager of the prison plant operations failed in his personal and official capacity to supervise the inspection and the maintenance of the cooling towers all during the time that the plant operations took over maintenance responsibilities for theCentral Health Care Services Building

Plaintiff further alleges, that Defendant Crump acted under the color of state law and was personally involved in the plaintiff's constitutional deprivation by, acting or failing to act in a manner that was 'deliberately indifferent' to plaintiff's constitutional right under the Eight Amendment Clause of the U.S. Constitution to be free of 'cruel and unusual punishment' made applicable to the states under the Fourteenth Amendment.

Plaintiff also alleges that the plaintiff's rights were clearly established at the time his injuries occurred and that the Defendant knew, or should have known that his actions or inactions violated the plaintiff's rights and were the actual and approximate cause of the plaintiff's physical and emotional injuries.

DEFENDANT #3:   RON CHAPMAN, DIRECTOR,CALIFORNIA DEPARTMENT OF
                PUBLIC HEALTH:

STATEMENT OF CLAIM:

Ron Chapman resides in Sacramento County, California and is employed by the State of California as Director of the California Department of Public Health and is responsible for the actions and inactions of the state employees on his watch and under his direction and is being sued in his official and his individual capacity.

3c

FACTS:

In January 2015, an inspection team from the Enviormental Compliance Section of the California Department of Public Health conducted an enviormental inspection survey at San Quentin State Prison as a means to 'ensure the health and safety' of inmates and staff.  The inspection was under taken by Health Inspectors Ruben Medina and Jerry Kim, a unit/section attached to the Planning and Enviormental Compliance office of the California Department of Public Health.

On March 6, 2015, Marke Jeude sent Gregor Larabee, Chief, Enviormental Compliance Section of the California Department of Public Health, a copy of the Inspection Survey Report for January 12-16, 2015 inspection for San Quentin State Prison.  Plaintiff obtained a copy of the Report through the California Public Records Act.  The Report is lengthly. Plaintiff's copy is 148 pages and covers what appears to be key areas of the prison, but only fourteen pages covered the inspection of San Quentin's Central Health Care Services Building, and seven of the fourteen were photos.  No mention in the fourteen pages reported on, or included photos of the three cooling towers on the roof of the Central Health Care Services Building. Over a hundred inmates and medical staff bwcame infected with Legionnaires Disease six months later.

ALLEGATIONS:

Plaintiff alleges the Defendant, acting as Director of the California Department of Public Health  failed in his official and personal capacity to prevent the outbreak of Legionnaires Disease at San Quentin State Prison within six months after health inspectors from his department conducted the inspection health survey at the prison.

Plaintiff also alleges the Defendant acted under the color of state law and as Director of the CDPH, was personally involved in plaintiff's constitutional deprivation by acting or failing to act in a manner that was 'deliberately indifferent' to plaintiff's constitutional right under the Eight Amendment Clause of the U.S. Constitution to be free of 'cruel and unusual punishment'

made applicable to the states under the U.S. Constitution's Fourteenth Amendment.

That Plaintiff's rights were clearly established on January 12th through the 16th, 2015, and on August and September 2015, and was sufficiently clear that Defendant knew, or should have known that his actions and inactions violated plaintiff's rights, and was the actual and approximate cause of the plaintiff's physical and emotional injuries.

3e



RECEIVED

JUN 12 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

May 30, 2019

Office Of The Clerk, U.S. District Court
Northern District Of California
450 Golden Gate Avenue
San Francisco, California 94102

CV 19 3315

RE:                    FILING OF COMPLAINT              LB   **(PR)**

Dear Clerk Soong:
The plaintiff's name is Marco Anthony Ramirez.  Plaintiff is currently under
service of term of imprisonment at San Quentin State Prison and requests the
court to take note of the following.


Please take note. Enclosed is Plaintiff's Civil Rights Complaint and the
Magistrates Consent form filed under Title 42 U.S.C. Section 1983. Plaintiff's
In Forma Pauperis Application is being processed by the prison's trust office.
Upon its return to Plaintiff it will be forwarded to your office in a
seperate mailing.  Request you file my complaint and calendar for an assign-
ment and disposition. Attached is an copy of the facepage of the complaint
stapled to a self addressed stamped envelope. Request you reture same re-
flecting your file-stamp thereon for Plaintaiff's records. The self addressed
stamped is for return of Plaintiff's copy.


The court's assistance with the filing of Plaintiff's complaint and a timely
reply is appreciated.  Thank you.


Sincerely yours,

Marco A. Ramirez

MARCO ANTHONY RAMIREZ, C25721

2 West. 80 Low

SAN QUENTIN STATE PRISON

SAN QUENTIN, CALIFORNIA 94974

OFFICE OI

NORTHI

45(

SAN FI

LEGAL MAT.

RECEIVED

JUN 06 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

E CLERK, U.S. DISTRICT COURT
DISTRICT OF CALIFORNIA
LDEN GATE AVENUE
ISCO, CALIFORNIA 94102

6/3/19
Q-4 srdon
B# 4274y