UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ANTHONY RAMIREZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RON DAVIS, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-03315-JSW<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF Nos. 38, 42, 48, 50, 53) |

**INTRODUCTION**

Plaintiff is a California prisoner proceeding pro se. He filed this pro se civil rights action under 42 U.S.C. § 1983 claiming that Defendants violated his Eighth Amendment rights by exposing him to and causing him to contract Legionnaire's Disease at San Quentin State Prison. Defendants filed a motion for summary judgment, Plaintiff filed an opposition, and Defendants filed a reply brief.[1] For the reasons set forth below, the motion is GRANTED.

**BACKGROUND**

Unless otherwise specified, the following facts are undisputed and supported by the evidence in the record. In August and September 2015, there was an outbreak of Legionnaire's Disease at San Quentin. Legionnaire's Disease is a type of pneumonia caused by the Legionella bacteria. People contract the disease by inhaling aerosolized water --- small droplets of water in

---

[1] Plaintiff has filed a letter stating that he needs a copy of his opposition because he must prepare a reply to the reply brief. No response to the reply brief is allowed because the reply brief did not rely on anything not included with the motion or opposition. *See* Local Rule 7-3. Furthermore, Defendants have furnished evidence that they sent him a copy of the opposition. (*See* ECF No. 55.)

the air that contain the bacteria.[2]  The disease can be successfully treated with antibiotics.  The first inmate tested positive for the disease at San Quentin on August 27, 2015.  In response, prison officials took a variety of mitigating measures following public health protocols, including turning off the air conditioning and the water supply, using water trucks and portable bathroom facilities, investigating the source of the bacteria, and enlisting the aid of public health officials.  Officials located the bacteria in stagnant water in towers that cooled the air conditioning system; the towers were on the main hospital building, which caused infected air to be blown outside of the hospital (not inside).  The air conditioning system was cleaned and disinfected.

All symptomatic prisoners and staff were tested for the disease, and fourteen prisoners and one staff member tested positive.  By October 1, 2015, officials decided that the outbreak was over because there were no more positive test results and the air conditioning system was decontaminated.

In 2015, Plaintiff was 75 years old with no history of lung disease.  In June 2015, approximately two months before the first positive test result for Legionnaire's Disease at the prison, Plaintiff had cough and cold symptoms and received antibiotics.  His symptoms persisted into the fall, beyond the time of the outbreak.  Plaintiff asserts that he contracted Legionnaire's Disease.  He was tested for the disease in November 2015, and the result came back negative.  He was diagnosed with Chronic Obstructive Pulmonary Disease ("COPD").  Defendants present the sworn declaration by a medical doctor that Legionnaire's Disease cannot cause COPD; Plaintiff disagrees and states that Legionnaire's caused his COPD.

In May 2015, several employees in the mailroom got sick.  Mold was found in the mailroom from water intrusion, but no Legionella bacteria.

**DISCUSSION**

**A.    Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits show that there

---

[2] According to the Center for Disease Control, it is also possible to catch the disease by "aspiration" of water containing Legionella --- i.e., when water accidentally enters the lungs while drinking --- though that is less common.  *See* https://www.cdc.gov/legionella/about/causes-transmission.html

1   is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a

2   matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the

3   case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,248 (1986). A dispute as to a material fact is

4   genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving

5   party.

6     The moving party for summary judgment bears the initial burden of identifying those

7   portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine

8   issue of material fact. *Celotex Corp.v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party

9   has met this burden of production, the nonmoving party must go beyond the pleadings and, by its

10  own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial.

11  If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact,

12  the moving party wins. *Ibid*.

13  **B.**   **<u>Analysis</u>**

14    Plaintiff claims that Defendants failed to properly maintain and monitor the prison's

15  heating and air conditioning ("HVAC") systems, which caused him to contract Legionella's

16  Disease and COPD.  Deliberate indifference to the safety of a prisoner's living conditions or to a

17  prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and

18  unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) (living conditions); *Estelle

19  v. Gamble*, 429 U.S. 97, 104 (1976) (medical care).  A prison official is deliberately indifferent if

20  he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing

21  to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison

22  official must not only "be aware of facts from which the inference could be drawn that a

23  substantial risk of serious harm exists," but he "must also draw the inference." *Id.*  If a prison

24  official should have been aware of the risk, but was not, then the official has not violated the

25  Eighth Amendment, no matter how severe the risk.  *Gibson*, 290 F.3d at 1188.

26    There are no triable issues that, if decided in Plaintiff's favor, would amount to the

27  violation of Plaintiff's Eighth Amendment rights.  It is not relevant whether Defendants' actions

28  caused the Legionnaire's Disease outbreak because there is no evidence that Plaintiff ever got the

disease. His test result for the disease was negative, and there is no evidence of the unreliability of those results. Plaintiff claims that he contracted the disease in his cell in San Quentin's "West Block," but the Legionella bacteria was only ever found in the medical building's cooling tower and in the air outside that building. Plaintiff argues that he contracted COPD because he had Legionnaire's Disease, but the medical evidence establishes that Legionnaire's Disease does not cause COPD. Plaintiff's disagreement with the medical professionals on this point does not create a triable issue of fact. *See Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004) (a prisoner-plaintiff's lay opinion contradicting the opinion of a medical professional on a medical issue is not a triable issue of fact).

Plaintiff's cough and cold symptoms began in June 2015, but there is no evidence connecting these symptoms to Legionella bacteria. Indeed, the fact that these symptoms occurred approximately two months before the Legionnaire's Disease outbreak suggests that they came from some source other than Legionella bacteria. Plaintiff surmises that the bacteria may have been present at that time in the prison mailroom, but it was mold that was found in the mailroom, not Legionella bacteria.

Plaintiff's arguments that Defendants should have maintained and cleaned the prison's HVAC system to prevent the accumulation of Legionella bacteria, discovered the bacteria sooner, or taken other precautions are irrelevant to his Eighth Amendment claim because there is no evidence that such bacteria caused his illnesses. In addition, these arguments, if true, would establish at most that Defendants were negligent. Neither negligence nor gross negligence will constitute deliberate indifference. *See Farmer*, 511 U.S. at 835-37 & n.4 There is no evidence that Defendants knew there was Legionnaire's Disease at the prison and failed to take reasonable precautions. The evidence is uncontradicted that once prison officials became aware of the outbreak of Legionnaire's Disease on August 27, 2015, they took extensive precautions insofar as they shut down the water supply and HVAC systems, provided an alternative source of water, tested and treated inmates and staff who had symptoms, investigated and discovered the source of the bacteria, changed the contaminated cooling towers, and followed the protocols recommended by public health officials.

There are no triable factual issues that, if resolved in Plaintiff's favor, would allow a reasonable fact-finder to conclude that Plaintiff contracted Legionnaire's Disease, that Defendants' conduct caused the illnesses he did have, or that Defendants were deliberately indifferent to a risk that Plaintiff would get sick. Accordingly, Defendants are entitled to summary judgment on Plaintiff's claims.

## CONCLUSION

For the reasons set out above, Defendants' motion for summary judgment is GRANTED. The parties' motions to extend time to file an opposition and reply brief are GRANTED. Plaintiff's motion for an extension of time to file a sur-reply is DENIED; no sur-reply is necessary because Defendants did not raise new arguments or present new evidence with their reply brief.

The Clerk shall enter judgment and close the file

**IT IS SO ORDERED.**

Dated: June 3, 2021

JEFFREY S. WHITE
United States District Judge